UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYLIAT AUDISH,<br><br>        Plaintiff,<br><br>v.<br><br>MIRA MESA KINDERCARE,<br><br>        Defendant. | Case No. 12-cv-2045-L(DHB)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

      On July 17, 2012, Plaintiff Nayliat Audish commenced this employment-discrimination action against her former employer, Defendant Mira Mesa Kindercare, a Division of Knowledge Universe U.S., in the San Diego Superior Court. Plaintiff alleges seven claims arising out of her employment with and termination from employment with Defendant. On August 20, 2012, Defendant filed a notice of removal, removing this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

      For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy

exceeds $75,000.  28 U.S.C. § 1332.  To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  And the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Defendant fails to satisfy that requirement.  *See* 42 U.S.C. § 1332.

Here, Plaintiff seeks "compensatory, special and general damages according to proof at trial." (Compl. Prayer for Relief.)  She also seeks "punitive damages in an amount sufficient to discourage such future discriminatory and intentionally tortious actions by Defendant[]and others," as well as attorneys' fees and costs.  (*Id.*)  However, a precise value for the amount in controversy is not given.  In fact, Plaintiff does not allege or state a single dollar amount anywhere in her complaint.

In its notice of removal, Defendant states that "[t]he matter in controversy in this action exceeds the value of $75,000 exclusive interest and costs, based on the express allegations of plaintiff's complaint." (Notice of Removal ¶ 7.)  To support its assertion, Defendant cites two paragraphs—paragraphs 53 and 60—in the complaint.  (*Id.*)  Paragraph 53 states "[a]s a proximate result of the wrongful acts of Defendants, Plaintiff has suffered actual, consequential and incident financial losses, including, without limitation, loss of salary and benefits, and loss of employment-related opportunities for growth, all in an amount according to proof at time of trial." (Compl. ¶ 53.)  And paragraph 60 states "[a]s a result of Defendants', and each of their, extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish." (*Id.* ¶ 60.)  Defendant relies on nothing more to support its contention that the amount in controversy exceeds $75,000.  But neither of these paragraphs shed any light on the amount in controversy.

Defendant also fails to provide a concrete value of how much the purported amount in controversy is.  Rather, it merely states that the amount in controversy exceeds $75,000.  Moreover, Defendant fails to provide any explanation regarding how it reached its conclusion

1 that the amount in controversy exceeds $75,000.

2

3 **III.    CONCLUSION & ORDER**

4     In light of the foregoing, the facts presented in the notice of removal do not meet the burden of establishing removal jurisdiction.  There is no value given for the amount in controversy and no explanation of how Defendant reached its conclusion that the amount in controversy exceeds $75,000.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Therefore, the Court **REMANDS** this action to the San Diego Superior Court.

    **IT IS SO ORDERED**.

DATED: August 20, 2012

                                         M. James Lorenz
                                         United States District Court Judge

COPY TO:
HON. DAVID H. BARTICK
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL